# In the United States Court of Federal Claims

No. 23-539C

(Filed: July 3, 2023)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **MARK MCCORMICK,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

*Mark McCormick*, Phoenix, AZ, *pro se*.

*Matney Elizabeth Rolfe*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

***SOLOMSON*, Judge**.

On April 13, 2023, Plaintiff, Mark McCormick, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. On May 17, 2023, the Court granted Plaintiff's IFP motion and also stayed the case because "the Court's preliminary review of Mr. McCormick's complaint [led] the Court to believe it probably lacks jurisdiction over his claims." ECF No. 6; *see* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff's complaint is difficult to decipher, but the thrust of his allegations is that various state and federal officials conspired to commit "elaborate schemes and acts" against Plaintiff and his brother, Moses. Compl. at 2. The complaint does not elucidate the nature of this alleged conspiracy, but alleges that the conspiracy culminated in the attempted murder of Plaintiff in addition to his brother's untimely death. *Id.* at 5–6.

Plaintiff alleges that Moses was the victim of "targeted gangstalking" by Ohio state officials, and that a judge on the Franklin County Court of Common Pleas in Ohio issued "death threats" against Moses during his divorce proceedings. *Id.* at 3. After these alleged events, Plaintiff and his brother filed a series of cases alleging that nearly every relevant lawyer, judge, and state and local official conspired against them in violation of their common law, statutory, and constitutional rights. *Id.* at 3–9. In this case, too, Plaintiff's complaint alleges a bevy of tort, statutory, and constitutional claims. *Id.* Plaintiff seeks "75 Billion Plus Punitive" damages. *Id.* at Ex. 1.

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be

challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).[1]

*First*, this Court lacks jurisdiction over Plaintiff's claims "against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (internal citations omitted)). Accordingly, the Court lacks jurisdiction over Plaintiff's claims against individual federal judges, officials from the Federal Bureau of Investigation, and officials from the Department of Homeland Security.

*Second*, this court lacks jurisdiction over Plaintiff's claims against individual state officials, including state court judges in Arizona and Ohio and other "State officials in the State of Ohio." Compl. at 2; *see Jiron v. United States*, 118 Fed. Cl. 190 (2014) (explaining that the Court of Federal Claims does not have jurisdiction to adjudicate claims against individual state court judges, state officials, or state agencies). To the extent that Plaintiff's claims are predicated on Ohio state law, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). As such, Plaintiff's divorce-related allegations fall outside this Court's jurisdiction. *See Hickman v. United States*, 629 F. App'x 988, 991 (Fed. Cir. 2015) ("The Claims Court properly determined it lacked subject matter jurisdiction to hear [plaintiff's] claim challenging the validity of her divorce decree issued by the State of Georgia.").

*Third*, this Court lacks jurisdiction over Plaintiff's claims "sounding in tort." 28 U.S.C. § 1491(a)(1); *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Thus, to the extent that Plaintiff alleges claims for negligence, wrongful death, and defamation, this Court lacks jurisdiction over

---

[1] As discussed above, Plaintiff's complaint is almost entirely incoherent. Thus, while the Court has liberally construed Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court only addresses the claims it could reasonably construe. *See Demes v. United States*, 52 Fed. Cl. 365, 369 (2002) ("While a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate."); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless. Pro se plaintiffs are treated to less stringent standards, but 'they are not automatically entitled to take every case to trial.' Traditionally the 'leniency standard' has still required basic pleading standards. Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" (quoting, respectively, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001))).

these claims. *See Souders*, 497 F.3d at 1307 & n.5 (Fed. Cir. 2007) ("It is immediately clear that the tort claims [including negligence] are clearly outside the limited jurisdiction of the Court of Federal Claims and thus cannot be transferred there."); *Woods v. United States*, 122 F. App'x 989, 991 (Fed. Cir. 2004) ("[C]laims sounding in tort, such as defamation, are outside the jurisdiction of the court."). Likewise, the Court lacks jurisdiction over Plaintiff's requests for compensatory and punitive damages. *See Rogers v. United States*, 66 F. App'x 195, 197 (Fed. Cir. 2003) (affirming dismissal for lack of subject-matter jurisdiction where the plaintiff sought compensatory damages because the Tucker Act precludes claims for "tort damages"); *Woods*, 122 F. App'x at 991 ("[E]ven if the trial court had jurisdiction over any of [plaintiff's] asserted claims, it would not have had the power to grant punitive damages, as [plaintiff] requested.").

*Fourth*, the statutes that Plaintiff cites — 18 U.S.C. §§ 241–42 and 42 U.S.C. § 1983 — cannot serve as a predicate for a claim within this Court's jurisdiction. *See Tucker v. United States*, 142 Fed. Cl. 697, 712 (2019) ("To the extent plaintiff is trying to allege a general violation of her civil rights under 42 U.S.C. § 1983, the United States Court of Federal Claims lacks jurisdiction to hear claims alleging a deprivation of civil rights under color of law." (citing, *inter alia*, *May v. United States*, 104 Fed. Cl. 278, 284 (2012), *aff'd*, 534 F. App'x 930, 934 (Fed. Cir. 2013))). To the extent Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242, this Court lacks jurisdiction to either hear claims "under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

*Finally*, this Court lacks jurisdiction over Plaintiff's First Amendment and Fourteenth Amendment claims, because these constitutional provisions are not money mandating. *See United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983) ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Equal Protection Clause of the Fourteenth Amendment . . . is [not] a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government."); *Maxberry v. United States*, 722 F. App'x 997, 100 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the . . . Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating.").

For these reasons, the Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge